## IN THE COURT OF APPEALS OF TENNESSEE
### WESTERN SECTION AT NASHVILLE

| | | |
|---|---|---|
| **JORDAN BAIR, Minor, b/n/f/** | ) | From the Circuit Court |
| **and Parent, MARK BAIR,** | ) | for Dickson County, Tennessee |
| **Plaintiffs/Appellants,** | ) | The Honorable Leonard W. Martin, Judge |
| | ) | |
| **vs.** | ) | |
| | ) | Dickson Circuit No. CV600 |
| **JOHN DOE,** | ) | Appeal No. 01A01-9610-CV-00471 |
| | ) | |
| **Defendant/Appellee.** | ) | **AFFIRMED** |
| | ) | |
| | ) | Richard Baker |
| | ) | Mark W. Strange |
| | ) | Knoxville, Tennessee |
| | ) | Attorney for Plaintiffs/Appellants |
| | ) | |
| | ) | Lela M. Hollabaugh |
| | ) | Nashville, Tennessee |
| | ) | Attorney for Defendant/Appellee |

**FILED**

October 3, 1997

Cecil W. Crowson
Appellate Court Clerk

## RULE 10 ORDER

This matter appears appropriate for consideration pursuant to Rule 10(a) of the Rules of the Court of Appeals of Tennessee.[1]

In this case, Appellants Jordan, Whitney, Linda, and Mark Bair ("the Bairs") were traveling on 1-40 near Dickson, Tennessee. Hillary Bair, a fifteen-year-old with a learner's permit, took over the driving from her mother, Linda Bair. Ten minutes later, while traveling at the speed of 65 m.p.h., the legal speed limit, Hillary decided to pass a tractor-trailer in front of her. As her mother watched her, Hillary checked the rear-view mirrors, put on her left-hand turn signal, looked to her left to make sure there were no vehicles in the left-hand lane, and, seeing no other cars, began to pull into the left-hand lane. Linda Bair also looked at the left-hand lane and also saw no other cars. There was an impact from behind, on the left rear bumper of the Bair vehicle. Hillary then saw a light-colored vehicle pass by. The van began to fishtail, and Hillary lost control of it. The van ran off the road into an embankment and rolled, causing various injuries to the Appellants.

The Bairs never identified the vehicle that struck their van or its driver. They filed suit

---

[1]Rule 10 (Rules of the Court of Appeals of Tennessee). <u>Affirmance Without Opinion</u>. -- (a) The Court, with the concurrence of all judges participating in the case, may affirm the action of the trial court by order without rendering a formal opinion when an opinion would have no precedential value and one or more of the following circumstances exist and are dispositive of the appeal:

    (1) the Court concurs in the facts as found or as found by necessary implication by the trial court.

    (2) there is material evidence to support the verdict of the jury.

    (3) no reversible error of law appears.

against the unidentified motorist, John Doe, alleging that the unidentified motorist was speeding and negligently struck the Bair vehicle. A response to the Bairs' Complaint was filed by Appellee Governmental Employees Insurance Company ("GEICO"), pursuant to Tennessee's uninsured motor vehicle statute, Tenn. Code Ann. § 56-7-1201.

GEICO filed a motion for summary judgment, arguing that the Bairs were unable to produce evidence from which a jury could find negligence on the part of John Doe. In support of this motion, GEICO quoted from the deposition of the plaintiff's expert, in which the expert admitted that he could not testify that the John Doe vehicle was speeding or was otherwise negligent in coming into contact with the Bairs' vehicle. In opposition to GEICO's Motion for Summary Judgment, the Bairs asserted that because the Bair vehicle was traveling at the speed limit, the jury could reasonably infer that the John Doe vehicle was speeding, because the John Doe vehicle struck the plaintiffs in the rear as they changed lanes.

Finding no disputed issue of material fact, the trial court granted GEICO's motion for summary judgment. From this decision, the Bairs now file this appeal.

Our review of the trial court's order granting summary judgment is *de novo* on the record before this Court, with no presumption of correctness. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). From our examination of the record, the evidence is insufficient to permit a jury to infer that John Doe was speeding or otherwise negligent. Therefore, the trial court's grant of summary judgment to GEICO was appropriate.

The decision of the trial court is affirmed. Costs are taxed to the Appellant, for which execution may issue if necessary.

_____
**HOLLY KIRBY LILLARD, J.**


**CONCUR:**


_____
**W. FRANK CRAWFORD, P.J., W.S.**


_____
**ALAN E. HIGHERS, J.**